IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT EUGENE ALLEN**                                                                **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 1:14-cv-414-HSO-JCG**

**STATE OF MISSISSIPPI, et al.**                                                      **DEFENDANTS**

<u>**ORDER OF DISMISSAL WITHOUT PREJUDICE**</u>

This matter is before the Court *sua sponte*. After consideration of the record in this case and relevant legal authorities, and for the reasons discussed below, the Court finds that this Civil Action should be dismissed without prejudice.

### I.  <u>BACKGROUND</u>

*Pro se* Plaintiff Robert Eugene Allen initiated this action on October 31, 2014, while he was incarcerated with the Greene County Justice Center, Springfield, Missouri. The Court entered an Order [7] on December 2, 2014, directing Plaintiff to file a response on or before December 31, 2014, providing additional information so that the Court could evaluate Plaintiff's *in forma pauperis* status. The Order [7] warned Plaintiff that failure to comply with the Order or failure to advise the Court of a change of address may result in the dismissal of this case. The envelope [8] filed January 5, 2015, containing the December 2, 2014, Order [7] was returned by the Postal Service with the notation "return to sender, refused, unable to forward" and "reason for return: inmate no longer here."

The Court entered an Order to Show Cause [9] on January 22, 2015, requiring Plaintiff, on or before February 6, 2015, to (1) file a written response,

showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's December 2, 2014, Order [7]; and (2) comply with the Court's prior Order [7] by filing a written response so that the Court could evaluate Plaintiff's *in forma pauperis* status.  Plaintiff was cautioned that his failure to advise this Court of a change of address or failure to timely comply with an Order of the Court could result in the dismissal of this case, without further notice to the Plaintiff.  Order [9] at 2.  The envelope [11] filed on February 23, 2015, containing the Show Cause Order [9] was returned by the Postal Service with the notation "return to sender, attempted - not known, unable to forward" and "reason for return:  inmate no longer here."

     Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the dismissal of this case.  The Court entered on February 20, 2015, a Second and Final Order to Show Cause [10].  The Order [10] required that on or before March 6, 2015, Plaintiff: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's previous Orders, and (2) comply with the Court's previous Orders by filing a written response providing additional information so that the Court could evaluate Plaintiff's *in forma pauperis* status.  Plaintiff was again warned that his failure to advise this Court of a change of address or failure to fully comply with the Order would result in the dismissal of this case.  Order [10] at 2.  The envelope [12] containing the Second and Final Order to Show Cause [10] was filed on March 13, 2014, and was returned by the Postal Service with the

notation "return to sender, refused, unable to forward" and "reason for return: inmate no longer here."

## II. DISCUSSION

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Plaintiff did not comply with three Court Orders even after being warned by the Court that failure to do so might result in the dismissal of his lawsuit. Order [3] at 2; Order [4] at 2. Plaintiff has not informed the Court of his current address. Plaintiff has not contacted the Court since November 12, 2014. *See* Pl.'s Acknowledgment and Receipt [6]. Such inaction presents a clear record of delay or contumacious conduct by Plaintiff. It is apparent to the Court that Plaintiff no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

### III. CONCLUSION

For the reasons stated herein, this Civil Action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, this Civil Action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 20th day of March, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE